UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GOTELL, CDCR #P-60052,<br><br>         Plaintiff,<br><br>v.<br><br>KATHLEEN LEE; C.J. MODY; ALLISON H. TING; MICHELLE NEUENSWANDER,<br><br>         Defendants. | Case No. 16-cv-02232-BAS-JMA<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1);**<br><br>**AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 2]** |

  Joseph Gotell ("Plaintiff"), proceeding pro se and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a certified copy of his inmate trust account statement which the Court has liberally construed as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I.     Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, but it shows that he has a current available balance of zero. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP **(ECF No. 2)** and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review "as soon as practicable after docketing" complaints filed by prisoners proceeding pro se. 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n. 7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.   Duplicative Claims

A majority of Plaintiff's Complaint is subject to sua sponte dismissal because it is duplicative of two other civil actions he already initiated in the Southern District of California. *See Gotell v. Mody, et al.,* S.D. Cal. Civil Case No. 3:13-cv-01731-CAB-BGS (ECF No. 1, filed July 19, 2013) ("Mody"); *Gotell v. Lee, et al.*, S.D. Cal. Civil Case No. 3:15-cv-00175-H-KSC (ECF No. 1, filed Jan. 23, 2015) ("Lee"). In both those matters, Plaintiff sought to hold the public defender (Lee) who represented him in trial, the deputy district attorney (Mody) who prosecuted him and his appointed counsel on appeal (Ting) liable for his criminal conviction. In the *Lee* matter, the Court notified Plaintiff of all the deficiencies in his pleading and gave him leave to file an amended

pleading on March 30, 2015. *See Lee*, (ECF No. 10, Order Granting Plaintiff's Motion to Proceed IFP and Dismissing Complaint for failing to state a claim.) Plaintiff never filed an amended pleading. Instead, more than eighteen (18) months later, Plaintiff is attempting to file a new action based on the same defendants and the same claims that he has filed in two previous actions.

    A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002)).

    A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Therefore, because Plaintiff has already litigated the identical claims presented in the instant action against the same Defendants in *Gotell v. Mody, et al.,* S.D. Cal. Civil Case No. 3:13-cv-01731-CAB-BGS and *Gotell v. Lee, et al.*, S.D. Cal. Civil Case No. 3:15-cv-00175-H-KSC, the Court must dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See Cato*, 70 F.3d at 1105 n. 2; *Resnick*, 213 F.3d at 446 n. 1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

    **B.   Claims against Defendant Neuenswander**

    Plaintiff does appear to add one new claim against Defendant Neuenswander. It appears that the only claim against Neuenswander arises from her role as a court reporter in which she allegedly "signed a Complaint off-record" for another court reporter. (Compl. at 2.) However, there are no allegations against this defendant in the body of the Complaint itself. Plaintiff's Complaint contains no "further factual enhancement" which

describes how, or to what extent, Neuenswander violated his constitutional rights. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff also fails to plead causation. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). Plaintiff's Complaint contains virtually no factual allegations. As such, his allegations are insufficient to state a section 1983 claim. *Iqbal*, 662 U.S. at 678 (noting that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"), quoting *Twombly*, 550 U.S. at 555, 570). Accordingly, Plaintiff's claims against Defendant Neuenswander require dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III. Conclusion and Order

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the

preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** this civil action as frivolous and for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The claims against Defendants Lee, Mody and Ting are dismissed without prejudice but also without leave to amend in this action.

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to his original pleading. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on his failure to state a claim upon which relief can be granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6**.** **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

//
//

//

**IT IS SO ORDERED**.

**DATED:  September 12, 2016**

Hon. Cynthia Bashant
United States District Judge